IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

April 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

SANDRA K. LEWIS and husband,    ) C/A NO.  03A01-9510-CV-00369
CARLTON LEWIS,                  )
                                ) BLEDSOE LAW
        Plaintiffs-Appellees,   )
                                ) HON.  J.  CURTIS SMITH,
v.                              ) JUDGE
                                )
JASON M. PENDERGRASS and        )
R.  EUGENE PENDERGRASS,         ) REVERSED
                                ) AND
        Defendants-Appellants.  ) REMANDED


HOWARD L. UPCHURCH, Pikeville, for Plaintiffs-Appellees.

LYNNE D. SWAFFORD, SWAFFORD & SWAFFORD, Pikeville, for Defendants-Appellants.


O P I N I O N


Franks. J.


The determinative issue on appeal as framed by the appellants is:

> [Whether] the defendants were deprived of a fair and impartial jury because of Juror Rankin's failure to respond truthfully on *voir dir* and further, because Juror Rankin and plaintiffs' counsel both failed to reveal a recent attorney/client relationship and an upcoming trial wherein plaintiffs' counsel would be a crucial witness on behalf of Juror Rankin.

In this action which resulted in a jury verdict for the plaintiffs, defendants' counsel, when conducting the *voir dire*, asked of the prospective jurors:

> Have any of you, ladies and gentlemen, ever been represented by Mr. Upchurch or his associate, or employee, Eddie Boring?

Harry Lee Rankin, a member of the panel, remained silent, and served as a member of the trial jury.

This issue was raised in a motion for a new trial, and the Trial Judge subpoenaed Rankin who testified that he did not remember the attorney asking whether plaintiffs' attorney had ever represented him. The Trial Judge overruled the motion and defendants appealed.

As we noted in *Tennessee Farmers Mutual Insurance Company v. Greer*, 682 S.W.2d 920 (Tenn. App. 1984), there are two broad classes of causes for the challenge of a juror: *Propter defectum* and *propter affectum*. The latter class is grounds for challenge based on some bias or partiality either actually shown to exist or presumed to exist from circumstances, and as the *Greer* court observed, the withholding of information amounts to false swearing and raises the presumption of bias and partiality. *Id.* 924.

However, the appellees counter that a mere presumption is created and that the record rebuts the presumption. It is further argued that the relationship between the juror and plaintiffs' attorney ?was a past relationship and nothing more. It did not rise to the level of being inherently or presumptive prejudicial.? We cannot agree.

This action was tried on October 6, 1994. On

2

December 3, 1993, plaintiffs' counsel filed an answer and cross-complaint on behalf of Juror Rankin in an action brought against Rankin in Bledsoe County. Among the issues in that case was whether Rankin's attorney, Upchurch, had improperly notarized the grantors' signatures to a deed wherein Rankin was grantee. In May of 1994, plaintiffs' counsel testified by deposition in Juror Rankin's lawsuit, and while no order was entered, the attorney's affidavit states that on April 13, 1994, during discovery depositions in the Chancery litigation, ?it became apparent that I could not further represent Mr. Rankin in that case. Soon thereafter I withdrew from the case . . . .?

Officers of the Court are required to ?reveal promptly to the Court improper conduct by a venire person or juror . . .? Tennessee Supreme Court Rule 8, *Code of Professional Responsibility*, DR7-108(g). In this action, neither the prospective juror nor plaintiffs' attorney revealed their attorney/client relationship to the Court. The Mississippi Supreme Court in the case of *Marshall Durbin, Inc., v. Tew*, 381 S.2d 152 (MS. 1980), in dealing with a like issue said:

> A lawyer's duties are not confined alone to serving his clients. He is an officer of the court and as such is called on to do and say whatever is necessary to promote the fair administration of justice. Mr. Lewis should have called to the court's and opposing counsel's attention, his relationship with the juror. . . . In order to avoid any suggestion of impropriety, counsel should always disclose and bring to the attention of the court and opposing counsel, this type of relationship with prospective jurors. *Id.* at 154-5.

In order to resolve this issue the totality of the circumstances, not the juror's self-serving claim of lack of

3

partiality alone, is to be considered.

We do not believe the presumption created by the false swearing of the juror was overcome. This juror had been represented by plaintiffs' counsel until just a few months before this trial, and had an ongoing relationship with plaintiffs' counsel in that plaintiffs' counsel would be a witness on Juror Rankin's behalf in the Chancery Court proceeding. However, there is a more compelling ground to grant defendants a new trial. Plaintiffs' counsel, as well as the prospective juror, had a duty to reveal to the Court and adversary counsel this relationship. Plaintiffs' counsel could have avoided all of this by discharging his duty to the Court. Moreover, the appearance alone is prejudicial to the judicial process. *See* Rule 36, T.R.A.P. For the foregoing reasons we reverse the Trial Court and remand for a new trial.

We pretermit the remaining issues and assess the cost of the appeal to appellees.

_____
Herschel P. Franks, J.

CONCUR:

4

_____
Houston M Goddard, P.J.

5

_____
Clifford E. Sanders, Sp.J.

_____
Houston M Goddard, P.J.